### In re BRINSON.

(District Court, S. D. Mississippi, Jackson Division. December 16, 1919.)

#### No. 1407.

BANKRUPTCY ⟨Key⟩143(12)—TRUSTEE ACQUIRES NO INTEREST IN SURRENDER VALUE OF EXEMPT INSURANCE POLICY; "PROCEEDS."

Under Hemingway's Code Miss. §§ 1813, 1814, exempting from debts of the insured the proceeds of a life policy to a certain amount, whether payable to his estate or to others, and which, as construed by the Supreme Court of the state, includes as "proceeds" of a policy its surrender value, the trustee of a bankrupt in that state takes no interest in a policy held by him, under Bankrupcy Act, §§ 6a, 70a (Comp. St. §§ 9590, 9654).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Proceeds.]

In Bankruptcy. In the matter of A. C. Brinson, bankrupt. On petition to revise order of referee. Reversed.

Magee & Gibson, of Monticello, Miss., for bankrupt.

HOLMES, District Judge. This is a petition for revision of an order of the referee holding that the trustee in bankruptcy is entitled to the cash surrender value of an insurance policy on the life of the bankrupt, and requiring the bankrupt to pay to the trustee the amount of such cash surrender value before being entitled to claim said policy as exempt.

⟨Key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Among the assets listed in the bankruptcy schedule was a life insurance policy for $1,000, payable to the wife of the bankrupt as beneficiary, but with the right reserved to the insured to change the beneficiary by written notice to the company. The cash surrender value of the policy upon the filing of his petition and on the date of adjudication was $249. This amount, as well as the policy itself, is claimed as exempt by the bankrupt.

When he filed his petition the bankrupt also claimed as exempt certain real estate and $250 in cash out of $996.58 which he had on hand. The claim for land exemption was denied, and the one for $250 in cash allowed by the referee, and no appeal was taken from his order in either instance.

But the trustee demanded payment of the sum of $249, which was the cash surrender value of the insurance policy, and the referee entered an order requiring payment thereof by the bankrupt within 30 days, and providing that, should the bankrupt fail, within said time, to comply with the terms of said order, then the trustee was directed to take the necessary steps to obtain from the insurance company the said sum, either as cash surrender value or loan value, for the benefit of the creditors of the estate. Ten days were allowed in the order in which the bankrupt might appeal therefrom, which appeal was duly taken.

The bankrupt claims that the cash surrender value of the policy is exempt under the Mississippi law. The referee after quoting section 70a of the Bankruptcy Law (Act July 1, 1898, c. 541, 30 Stat. 565 [Comp. St. § 9654]), says in his certificate:

"I think the creditors are entitled to the cash surrender value of the policy. The Supreme Court of the United States, in the case of Cohen v. Samuels, 245 U. S. 50, 38 Sup. Ct. 36, 62 L. Ed. 143, decided in 1917 the exact question here presented, which is, of course, decisive of the instant case. There the policy was payable to the wife of the bankrupt as beneficiary, but the right was reserved to the bankrupt to change the policy at will. The court held that, under section 70a of the Bankruptcy Act, the creditors were entitled to the avails of the policy."

Section 6a of the Bankruptcy Act is as follows:

"Sec. 6. (a) This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of the filing of the petition in the state wherein they have had their domicile for the six months or the greater portion thereof immediately preceding the filing of the petition." Act July 1, 1898, c. 541, 30 Stat. 548, § 6 (Comp. St. § 9590).

The claim of the trustee to the cash surrender value of this policy depends entirely upon section 70a of the Bankruptcy Law, which provides that the trustee of the estate of a bankrupt, upon his appointment and qualification, shall be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, to all of his property of designated kinds, "except in so far as it is to property which is exempt."

There is a proviso to subdivision 5 of section 70a which says that, when any bankrupt shall have any insurance policy which has a cash surrender value payable to himself, his estate, or personal representatives, he may, within 30 days after the cash surrender value has been

ascertained, pay or secure to the trustee the sum so ascertained, and continue to hold and own such policy free from the claims of creditors participating in the distribution of his estate, but that if he fails to do this the policy shall pass to the trustee as assets.

It is obvious that sections 6a and 70a first preserve to the bankrupt the title to all property exempt to him by law, and in addition that the proviso to 70a gives the bankrupt the right to secure to himself any nonexempt insurance policy free from claims of creditors by paying to the trustee within a stipulated time the cash surrender value. The trustee takes no title to any life insurance policy which is exempt under the law of the state; but, if the policy is not so exempt, the trustee takes a qualified title, defeasible by the bankrupt upon payment of the cash surrender value of the policy.

I do not think the case of Cohen v. Samuels, 245 U. S. 50, 38 Sup. Ct. 36, 62 L. Ed. 143, is decisive of the question here, because there the policy was not claimed as exempt under the state law. There, as here, the policy was upon the life of the bankrupt, payable to another as beneficiary, but with the absolute right in the insured bankrupt to change the beneficiary without the latter's consent, and there, as here, the policy had a cash surrender value, which the company was willing to pay to the bankrupt. But there, as here, the policy was not directly in words payable to the bankrupt, and therefore literally did not fall within the terms of the proviso that, when any bankrupt shall have "any insurance policy which has a cash surrender value payable to himself, his estate, or personal representatives," he may continue to hold and own the same by paying to the trustee the cash surrender value thereof. The court held that under subdivision 3 of section 70a the trustee was vested with all powers which the bankrupt might have exercised for his own benefit, and that, although the policy was not payable to the bankrupt, it could have been so payable at his own will and by his simple declaration. The effect of this decision is simply that, where the bankrupt has reserved to himself in an insurance policy the absolute power to change the beneficiary at his own will, the policy passes to the trustee, subject to the conditions of the proviso in section 70a, in the same way and just as if it were payable in words to "himself, his estate, or personal representatives." But the decision does not hold that the trustee gets title to a policy, regardless of how payable, which is exempt by the state law, for the exemption in such a policy is expressly recognized by sections 6a and 70a of the Bankruptcy Act.

In Holden v. Stratton, 198 U. S. 202, 25 Sup. Ct. 656, 49 L. Ed. 1018, the court held that policies of insurance which are exempt under the law of the state of the bankrupt are exempt under section 6 of the Bankruptcy Act of 1898, even though they are endowment policies, payable to the insured during his lifetime, and have cash surrender values, and held, further, that the provisions of section 70a of the act do not apply to policies which are exempt under the state law. The court said:

"As section 70a deals only with property which, not being exempt, passes to the trustee, the mission of the proviso was, in the interest of the perpetuation of policies of life insurance, to provide a rule by which, where such policies passed to the trustee because they were not exempt, if they had a

surrender value, their future operation could be preserved by vesting the bankrupt with the privilege of paying such surrender value, whereby the policy would be withdrawn out of the category of an asset of the estate; that is to say, the purpose of the proviso was to confer a benefit upon the insured bankrupt by limiting the character of the interest in a nonexempt life insurance policy which should pass to the trustee, and not to cause such a policy when exempt to become an asset of the estate."

The Mississippi exemption statutes with reference to life insurance policies are found in sections 1813, 1814, of Hemingway's Code, as follows:

"1813.    (2140.)    *Amount of Life Insurance Policy—How Payable.*—The proceeds of a life insurance policy, to an amount not exceeding ten thousand dollars upon any one life, shall inure to the party or parties named as the beneficiaries thereof, free from all liability for the debts of the person whose life was insured, even though such person paid the premiums thereon.

"1814.    (2141.)    *Amount of Life Insurance Policy—Payable to Executor.*— The proceeds of a life insurance policy not exceeding five thousand ($5,000.- 00) dollars payable to the executor, or administrator, of the insured, shall inure to the heirs or legatees, freed from all liability for the debts of the decedent, except premiums paid on the policy by any one other than the insured for debts due for expenses of last illness and for burial; but if the life of the deceased be insured for the benefit of his heirs or legatees at the time of his death otherwise, and they shall collect the same, the sum collected shall be deducted from the five thousand ($5,000.00) dollars and the excess of the latter only shall be exempt."

Laws 1908, c. 175, in effect February 20, 1908.

In Dreyfus v. Barton, 98 Miss. 758, 54 South. 254, the Supreme Court of Mississippi held that the cash surrender value was "proceeds" of a life insurance policy, and exempt under these statutes. The court said:

"This statute exempts the whole proceeds, or any part of it, whether the value accrues during the life or after the death of the insured. The cash surrender value of the policy is just as much 'proceeds' of the policy, within the meaning of the statute, as would be the full amount after the death of the insured. In other words, when the person insured dies, the proceeds of the policy are exempt; while he lives, if the policy acquires a cash surrender value, this cash surrender value is 'proceeds' within the meaning of the statute, and exempt so long as the value in either case does not exceed three [now five] thousand dollars. Any other construction of the statute would impair, if it did not destroy in some cases, the object of the statute."

This case was cited, quoted, and followed in King v. Miles, 108 Miss. 732, 67 South. 182.

The fact that the insured reserved the absolute right to change the beneficiary did not destroy the exempt character of the proceeds of the policy, although the exercise of this right might change the statute under which the exemption would fall as a matter of law. If the beneficiary were changed from the wife to some other "party or parties named as beneficiaries," the proceeds would still be exempt under section 1813; if changed "to the executor or administrator of the insured," the exemption would come under section 1814. See, also, Allen v. Central Wisconsin Trust Co., 143 Wis. 381, 127 N. W. 1003, 139 Am. St. Rep. 1107; Chandler v. Traub, 159 Ala. 519, 49 South. 240; Young v. Thomason (D. C.) 179 Ala. 454, 60 South. 272; In re Morse (D. C.) 206 Fed. 350; In re Carlon (D. C.) 189 Fed. 815; In re Orear, 189

Fed. 888, 111 C. C. A. 150; In re Booss (D. C.) 154 Fed. 494; In re Johnson (D. C.) 176 Fed. 591; Steele et al. v. Buel et al., 104 Fed. 968, 44 C. C. A. 287; In re Pfaffinger (D. C.) 164 Fed. 526; In re Young (D. C.) 208 Fed. 373.

It follows, in my judgment, that the order of the referee should be reversed, and an order entered setting aside this policy, together with the cash surrender value thereof, to the bankrupt as exempt property under the Mississippi law.