## HICKMAN v. HANOVER.

Circuit Court of Appeals, Fourth Circuit.
July 1, 1929.

No. 2819.

Malcolm H. Lauchheimer, of Baltimore, Md. (Sylvan Hayes Lauchheimer, of Baltimore, Md., on the brief), for appellant.

Harry Singerman, of Baltimore, Md., for appellee.

Before WADDILL and PARKER, Circuit Judges, and Ernest F. COCHRAN, District Judge.

ERNEST F. COCHRAN, District Judge. The bankrupt had certain policies whereby his life was insured for the benefit of his wife. The policies reserved to the insured the right to change the beneficiary, and this power had not been exercised when bankruptcy proceedings were instituted. The policies had a cash surrender value of $836.-25 when bankruptcy intervened, and the bankrupt had not availed himself of the privilege to surrender the policies and collect the cash surrender value. The bankrupt claimed that the policies were exempt under the laws of Maryland to the extent of $500, and that the trustee is therefore entitled to only so much of the cash surrender value as is in excess of that sum. The trustee claimed that the exemption is limited to $100, and that the bankrupt estate is entitled to all the cash surrender value in excess of the latter sum. The District Court ruled that the bankrupt was entitled to an exemption in the policies to the amount of $500, and that the trustee was entitled to the cash surrender value in excess of that exemption.

The rule laid down by the Supreme Court is that under section 70(a) of the Bankruptcy Statute (11 USCA § 110) the cash surrender value of a policy of insurance is an asset of the bankrupt estate, even when the policy is payable to a beneficiary other than the bankrupt, his estate, or his personal representative, if the bankrupt has reserved absolute power to change the beneficiary. Cohen v. Samuels, 245 U. S. 50, 38 S. Ct. 36, 62 L. Ed. 143; Cohn v. Malone, 248 U. S. 450, 39 S. Ct. 141, 63 L. Ed. 352.

That court has further held that insurance policies embraced within the exemption laws of the state do not become assets in the hands of the trustee for the benefit of creditors. Holden v. Stratton, 198 U. S. 202, 25 S. Ct. 656, 49 L. Ed. 1018.

The question therefore is whether life insurance policies are exempt under the laws of the state of Maryland, where the wife of the insured is the beneficiary and the insured has reserved the right to change the beneficiary.

In article 3, section 44, of the Constitution of Maryland, it is provided as follows: "Laws shall be passed by the General Assembly to protect from execution a reasonable amount of the property of the debtor, not exceeding in value the sum of five hundred dollars."

Article 83, section 8, of the Code of Public General Laws of Maryland 1924, provides as follows: "One hundred dollars in property, whether the same consists of money, land or goods, of every defendant, as well as all money payable in the nature of insurance, benefit or relief in the contingency or event of sickness, accident, hurt or death of any person, shall be exempt from execution or seizure in satisfaction of debt or claim upon any judgment in any civil proceedings, except on judgments for breach of promise to marry or for seduction."

There are no decisions of the Court of Appeals of Maryland upon the subject.

It will be observed at the outset that the first clause of this statute creates an exemption consisting of money, land, or goods, and

874

the second clause creates an additional exemption of "all money payable in the nature of insurance," etc.

Judge Rose, in the District Court of Maryland, held that such policies were exempt by article 83, section 8, above quoted; but that it must be assumed that the General Assembly of Maryland knew the Constitution and meant to obey it, and that the constitutional provision must of its own force be read into the act and limit the exemption to $500. Judge Rose states this interpretation was put upon section 8 of article 83 by a state circuit judge in an unreported case, and was subsequently followed by his predecessor in the Federal District Court. Judge Rose therefore held that the cash surrender value was exempt under this statute to the extent of $500. In re Jones (D. C.) 249 F. 487, 490.

Judge Coleman, in the District Court of Maryland, has considered the question recently very carefully, and reached the conclusion that the cash surrender value is not "money payable in the nature of insurance," nor upon the contingency of death, and that the exemption could not be allowed under the second clause of the statute. He held, however, that the cash surrender value was a species of property and an exemption therein was proper under the first clause of the statute, but limited to $100 as provided in that clause. In re Cooper's Estate (D. C.) 28 F.(2d) 438.

In the argument here it was conceded by both sides that the second clause of the statute exempting "money payable in the nature of insurance," etc., must be deemed limited by the constitutional provision, and therefore in no event can an exemption under that clause exceed $500. It was also conceded that if the exemption cannot be sustained under that clause, the cash surrender value is nevertheless a species of property, and the bankrupt would be entitled to an exemption of $100 under the first clause of the statute.

█ The theory of the trustee is that the cash surrender value is not "money payable in the nature of insurance," nor payable upon the contingency mentioned in the statute, namely, the death of the insured. It is said that by the express provisions of the Bankruptcy Act, as construed by the Supreme Court in Cohen v. Samuels, supra, and other cases, the cash surrender value is not so payable. But we think this is too narrow and too literal a construction of the Maryland statute. While there are a few cases which hold that exemption statutes should be strictly

construed, the better and almost universal rule is that such statutes should receive a liberal construction in favor of the debtor in order to advance the humane purpose of preserving to the unfortunate or improvident debtor or his family the means of obtaining a livelihood and prevent them from becoming a charge upon the public. 11 R. C. L. 492, and cases cited; 25 C. J. 10, and cases cited.

We think the plain purpose of the statute was to encourage men to insure their lives for the benefit of their families. The Legislature evidently attached more importance to the exemption of insurance than to the exemption of other property, for in the latter case it was limited to the small sum of $100. The cash surrender value is certainly within the spirit of the statute, and we do not think that we put any strain upon the statute by holding that it is within its terms. Nowadays, nearly all, and possibly all, life policies have a cash surrender value clause. The cash surrender value is an ordinary incident to these policies. That value arises as much from the policy as the money payable upon the contingency provided for in the policy. These matters must have been well-known to the Legislature, and it is not likely that they intended that such policies should be exempt only upon the actual happening of the contingency mentioned. Our view is that although the cash surrender value might not be strictly and technically money from insurance, because not payable upon the contingency mentioned, nevertheless it is in the nature of insurance, and it is an incident of the policy of insurance, and money derived from that source is as much money payable in the nature of insurance as would be the proceeds of the policy when finally collected upon the death of the insured. We do not think that the Maryland statute is different in any substantial sense from similar statutes of other states, which exempt "policies" or the "proceeds" or "avails" of insurance; and the decisions hold that in such cases the cash surrender value is exempt as well as the policy, the proceeds, or the avails, as the case may be. Holden v. Stratton, 198 U. S. 202, 209, 210, 25 S. Ct. 656, 49 L. Ed. 1018; In re Messinger (C. C. A. 2d) 29 F.(2d) 158; In re Rose (D. C.) 24 F.(2d) 253; In re Lang (D. C.) 20 F.(2d) 236; Brown v. Home Life Ins. Co. (D. C.) 3 F.(2d) 661; In re Weick (C. C. A. 6th) 2 F.(2d) 647; Magnuson v. Wagner (C. C. A. 8th) 1 F.(2d) 99; Jens v. Davis (C. C. A. 8th) 280 F. 706; In re Orear (C. C. A. 8th) 189 F. 888; Ralph v. Cox (C. C. A. 8th) 1 F.(2d) 435; Murphy v. Casey, 150 Minn. 107, 184

N. W. 783; King v. Miles, 108 Miss. 732, 67 So. 182; Dreyfus v. Barton, 98 Miss. 758, 54 So. 254.

Whiting v. Squires, 6 F.(2d) 100, a decision of this court, has been cited in support of the trustee's position. But in that case the provisions of the North Carolina Constitution and statutes were under consideration, and those provisions are quite different from those of Maryland, and we do not consider that case as controlling here.

For these reasons we think that the bankrupt is entitled to the sum of $500 from the cash surrender value of the policies as an exemption, and the trustee is entitled to all of the cash surrender value in excess of $500, and the decision of the District Court is correct.

Affirmed.