UNITED STATES FIDELITY & GUARANTY CO. v. HOLT.*

(Division B.    Dec. 12, 1927.)

[114 So. 818.    No. 26711.]

1. GUARDIAN AND WARD. *Proceeds of policy on guardian's life, payable to ward, did not liquidate guardian's debt to ward (Hemingway's Code 1927, section 1892).*

   Under section 1892, Hemingway's 1927 Code (section 2140, Code of 1906), the proceeds of an insurance policy are exempt to the amount of ten thousand dollars in favor of the beneficiary, and free from the debts of the person whose life was insured, even though such person paid the premiums thereon; and the fact that the insured was guardian of the minor, the beneficiary, and owed such ward money as guardian, does not make the insurance liquidate the debt owed by the guardian to the ward.

2. EXEMPTIONS. *Exemptions statutes should be liberally construed in favor of exemptionist, and exceptions will not be engrafted thereon.*

   It is well settled in law that statutes of exemption are to be liberally construed in favor of the exemptionist, and exceptions will not be engrafted thereon.

---

*Corpus Juris-Cyc. References: Exemptions, 25CJ, p. 10, n. 52; p. 73, n. 62 New; p. 74, n. 82; p. 75, n. 91.

APPEAL from chancery court, of Yalobusha county, second district.

HON. N. R. SLEDGE, Chancellor.

Action by Joseph N. Holt, guardian of Noel Keith McCrory, against the United States Fidelity & Guaranty Company, to recover on the bond of L. L. McCrory, his ward's former guardian.   From a judgment for plaintiff, defendant appeals.   Affirmed.

*W. M. Hall,* for appellant.

Appellee's receiving, on behalf of his ward, McCrory's, life insurance and wages, when he died, and the aggregate exceeding the amount due by him to his ward, amounted to payment by the principal and that of course discharged the surety's liability and prevented appellee's recovering on the bond from appellant as surety.   It is elementary that payment by the principal inures to the benefit of a surety; satisfies the debt and discharges the surety.   32 Cyc. 167; *American Bonding Company* v. *Logan* (Tex. Civ. App.), 132 S. W. 894; *Gilliam* v. *Brown,* 43 Miss. 641; 2 Pomeroy's Eq. Juris. (3 Ed.), p. 878, sec. 539; *Cazassa* v. *Cazassa,* 22 S. W. 560, 20 L. R. A. (N. S.) 178.

*Cilman Woods,* for appellee.

Section 2086, Hemingway's (1927) Code, prescribes the bond of a guardian; and section 2125 provides for accounting by the guardian.   The bond was breached, as is admitted by appellant, and the surety became liable to this minor.   ''Nothing but payment will discharge the obligation.''   *Bell* v. *Rudolph,* 70 Miss. 234; *Baughn* v. *Shackleford,* 48 Miss. 255.

*Cazassa* v. *Cazassa,* 20 L. R. A. 178, relied upon by appellant, deals with an insurance policy as an advancement and merely decides that the son is chargeable with such insurance as an advancement.   We do not believe that case had any application.   The question of the liability of a guardian for using his son's money was decided by our court long ago, in *Davis* v. *Harris,* 13 S.

& M. 9. The law of exemptions is one of the oldest in our statutes and the principles which justify the statutes are unchanged. *Mosley* v. *Anderson,* 40 Miss. 29. As to question of advancements see: *Crosby* v. *Covington,* 24 Miss. 619; *Callender* v. *McCreary,* 4 How. 356; *Cole* v. *Leake,* 27 Miss. 767. See, also, *Johnson* v. *Bacon,* 92 Miss. 156.

ETHRIDGE, J., delivered the opinion of the court.

The appellee, Holt, filed a suit against the appellant, United States Fidelity Guaranty Company, surety, to recover, upon the bond of his ward's former guardian, one thousand ninety dollars, penalty of the bond, less a premium due the surety of ten dollars. The former guardian was the father of the ward, Noel Keith Mc-Crory, and he died before the suit was brought. He left no estate, and no administrator had been appointed for him. L. L. McCrory, the former guardian, had qualified in the chancery court, Second judicial district of Yalobusha county, as such on June 23, 1919, giving bond in the statutory form in penalty of one thousand one hundred dollars, with the appellant as sole surety thereon. There had come into his hands nine hundred dollars from an insurance policy carried by his wife, the mother of young McCrory, who had died shortly before his qualification as guardian. He rendered the court an accounting in April, 1921, which account was approved by the court, and he was charged with a balance of nine hundred thirty-six dollars, and ordered to loan that amount at six per cent. interest on real estate security to be approved by the court. He made some loans, some of which were bad and others good, without submitting any of them to the court. It appears that some were collected, and some were not. At all events, the money disappeared. There had also come into his hands the sum of one hundred dollars from the estate of his ward's maternal grandfather. This amount does not appear to

have been loaned by him, and no account was made therefor. It was agreed between the parties here that L. L. McCrory, former guardian, was in default for nine hundred thirty-six dollars from April 29, 1921, and for one hundred dollars from February 2, 1923, with six per cent. interest from said respective dates until the date of the trial.

It was also agreed that the guaranty company was entitled to a premium of ten dollars, due and unpaid, reducing the recovery on the penalty of the bond from one thousand one hundred dollars to one thousand ninety dollars. McCrory had paid other premiums for which he was entitled credit, but, as these credits thereby did not reduce the amount due by him below the penalty of the bond, they will not be considered here.

McCrory had insurance on his life in the Locomotive Engineers' Mutual Life & Accident Association, which he had had made payable to his wife during her lifetime, but, after her death and his qualification as guardian for his ward and son, Noel Keith McCrory, he had the insurance made payable to his son. While the constitution and by-laws of the association restricted McCrory's naming the beneficiary within a certain class, he had the right to designate any beneficiary within that class and change his designation when he pleased. While he had no other children, he had a father and sister whom he could have substituted at any time. However, he maintained the insurance from the beginning to the end with Noel Keith McCrory named as beneficiary.

McCrory became insolvent about two years before his death, and was owing many debts when he died. About two months prior to his death he had to assign his future earnings with the Illinois Central Railroad Company, for which he worked as locomotive engineer, to secure a small indebtedness to one of his creditors. During the last six months of his life, he got personal friends to pay the premiums for him. Upon McCrory's death, appellee, Holt, as young McCrory's succeeding guard-

ian, collected this insurance, the net amount of which was two thousand nine hundred thirty-seven dollars and twenty-seven cents. He also collected from the railroad company McCrory's wages of eighty dollars due at the time of his death, less thirteen dollars, due one of his creditors. After collecting the above-mentioned insurance, he refunded the thirty dollars paid on premiums by McCrory's personal friends during the last six months of his life, making the net amount received from the insurance two thousand nine hundred seven dollars and twenty-seven cents. This insurance, of course, was received in connection with the amount L. L. McCrory was due as guardian to his ward.

It is contended by the appellant, the guaranty company, that, the appellee having received, on behalf of the ward, from such source more than McCrory was due, he could not claim that McCrory's default was not satisfied and recovery be had on the bond from the appellant as surety. The contention of the appellant is that, McCrory having made his son the beneficiary in his policy while he was owing him, as his ward, money which he had squandered, the insurance money must be held as payment of the debts due the ward, citing in support thereof 32 Cyc. 167; *American Bonding Co.* v. *Logan* (Tex. Civ. App.), 132 S. W. 894; *Gilliam* v. *Brown,* 43 Miss. 641; 2 Pomeroy's Equity Jurisprudence (3 Ed.), p. 878, section 539; Id., 879, section 540; *Cazassa* v. *Cazassa,* 92 Tenn. 573, 22 S. W. 560, 20 L. R. A. 178, 36 Am. St. Rep. 112.

The appellee contends that the principle announced and the authorities cited by appellant do not apply to the case, because the proceeds of an insurance policy are exempt from all claims against the insurance under section 1892, Hemingway's 1927 Code (section 2140, Code 1906), which provides that the proceeds of a life insurance policy to an amount not exceeding ten thousand dollars upon any life shall inure to the party or parties named as beneficiaries thereof, free from all

liabilities for the debts of the person whose life was insured, even though such person paid the premiums thereon. It is a well-settled principle of law that statutes of exemption are to be liberally construed in favor of the beneficiary, and the language of the statute plainly states that the insurance shall inure to the party or parties named as beneficiary thereof, free from all liability for the debts of the person whose life was insured. See *Johnson* v. *Bacon,* 92 Miss. 156, 45 So. 858.

We think the statute has the same effect in securing this benefit to the beneficiary as it would have if it were literally written in the face of the insurance policy itself. It is not disputed by the appellant that it would have been competent for the deceased guardian to have made the policy payable to the beneficiary, regardless of the fact that he owed his ward and son the amount he did, and, if it was clear from the policy that he did not intend the policy to operate as an extinguishment of his debt, it would be upheld, and would not be subject to diminution to the extent of the debts so owed. The purpose of the statute was to give the beneficiary the proceeds of the. policy, free from any claims or debts against the insurance. The beneficiary, of course, is usually some member of the family, or some dependent, but the statute has not restricted its operation to such persons. The court below having reached the same conclusion, the judgment of the lower court must be affirmed.

*Affirmed.*