## FANCHIER v. GAMMILL.

(Division B. Nov. 11, 1929.)

[124 So. 365. No. 28094.]

**Franklin, Easterling & Rosenthal,** of Jackson, for appellant.

J. M. Stevens, of Jackson, for appellant.

Watkins, Watkins &. Eager, of Jackson, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

This is the second appeal of this case. The first appeal is reported under the style of Fanchier v. Gammill, 148 Miss. 723, 114 So. 813. The former appeal was on a suit in the chancery court to reverse a judgment for alimony rendered in the state of Nevada in which the court of that state entered a judgment, or decree, divorcing Paul Gammill and Cherie Fanchier Gammill, awarding alimony to Cherie Fanchier Gammill and restoring her maiden name, Cherie Fanchier.

The court, on the first appeal, reversed the decree of the chancery court which had declined jurisdiction on the ground that the action was entertainable only in a court of law. It was there settled that the chancery court had jurisdiction and could enforce the judgment by all the remedies available in a domestic suit of like

character, and we remanded the cause to the court below for further proceedings. When the case was remanded, the defendant, Gammill, answered the bill, admitting the foreign judgment and all of the allegations of the bill practically, except a statement in the bill of complainant that the complainant was without means of support, and that the defendant, Gammill, had means of satisfying the judgment. Whereupon a decree was entered directing Gammill to pay the past-due installments of alimony in a decree reciting, among other things: "It is therefore hereby ordered, adjudged and decreed by the court that the complainant, Cherie Fanchier, do have and recover of and from the defendant, Paul Gammill, the said sum of eight hundred sixty-two dollars, together with six per cent interest therefrom from this date, and together with all costs of court, and that the defendant be, and he is hereby, ordered and required to pay the said sum of money and upon failure so to do, that execution issue as upon a judgment at law."

The defendant, Gammill, did not pay the amount so decreed to be paid, and a petition was filed praying that Gammill be cited to show cause why he should not be held in contempt of court for failure to pay and satisfy the decree as directed by the court. The petition set forth the substance of the former suit, and alleged that the complainant here, Cherie Fanchier, was still unmarried, and that the decree was in full force and effect, and was the final decree. It set forth the proceedings theretofore taken, and prayed that the court would make a rule on the defendant, Gammill, to appear before the court and then and there show cause, if any he can, why he should not be adjudged in contempt of this honorable court, and that the court will adjudge the said Paul Gammill to be in contempt, it shall make an order to enforce the obedience of the orders of the court on the part of the defendant, and all other orders necessary that jus-

tice may be done in the premises, and for other proper relief.

The defendant appeared, and moved to dismiss the citation for contempt. The motion reads as follows:

"And now comes the defendant and moves the court to dismiss the citation and information for contempt pending in this honorable court and, as ground therefor, shows unto the court that the decree in this cause rendered by this honorable court at the last term is by its terms limited by its effect as a judgment at law, and that even if the defendant has failed to pay and satisfy said decree it is no cause for contempt proceedings against said defendant."

The court sustained this motion, and dismissed the proceeding, from which decree this appeal is prosecuted.

It is contended that the stipulation in the decree above recited "that on the failure to pay the amount directed to be paid that execution should issue" is in effect an election of remedies limiting the remedy of the complainant to that of execution upon the judgment.

It is also contended that, when this decree was prepared, it was marked "O. K." and signed by the initials of the defendant's attorneys, and was entered upon bill and answer, and that it was a consent decree, and by its terms the complainant was limited to execution as a remedy for collecting the judgment.

We think the court was in error in so holding. Section 159 of the Constitution of 1890 conferred upon the chancery court full jurisdiction of divorce and alimony, among other things. The demand upon which the judgment was taken was alimony, and the former opinion of the court settled the question of jurisdiction and power of the court to enforce an alimony allowance rendered in the court of a foreign state and therein to exercise appropriate powers and jurisdiction to enforce its judgment. Among the remedies for enforcing a judgment

of this character is the right to proceed by contempt proceedings for a failure to comply with the directions of the decree. We do not think the terms of the decree here involved can rightfully be construed to hold that execution is the only proceeding that can be taken to enforce the judgment. A court may enforce such judgment in any appropriate proceeding recognized in the law; it may proceed by execution, by garnishment, by contempt proceedings, and by writ of *ne exeat republica,* and none of these remedies preclude resorting to any other.

The obligation of the husband to support his wife is not a contractual one, that is, it is not founded exclusively in contract, but is founded, as stated in the former opinion, partially upon public policy. It is a public duty established by law, and is not a debt in the ordinary sense of that term, or in the sense of the Constitution prohibiting imprisonment for debt. It is an obligation which the defendant may be forced to perform by contempt proceedings or by criminal statute.

We do not think the decree entered is a consent decree, and it is doubtful whether the court could be deprived of its power to enforce its judgments by mere agreement, but, however that may be, the court was in error in the case before us in dismissing the petition. The defendant should have been required to make the showing prayed for, and the court should have entertained the petition and heard the parties and acted in accordance with law and the evidence developed in the proceeding.

The judgment of the court below will therefore be reversed, and the cause remanded to be proceeded with in accordance with law.

Reversed and remanded.