## HOLLIS v. BRYAN et al.

(Division B. Oct. 10, 1932. Suggestion of Error Overruled Nov. 21, 1932.)

[143 So. 687. No. 30049.]

Frank L. Reich and R. W. Boydstun, both of Louisville, for appellant.

Allen Crenshaw, of Washington, D. C., **R. R. Dinsmore** and **D. G. Fountain**, both of Jackson, for Veterans' Administration, and **Harry M. Bryan**, of Jackson, for appellees.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant was formerly the wife of Marvin C. Bryan, a disabled soldier receiving compensation from the United States government. In 1924, the appellant secured a divorce from Marvin C. Bryan and the custody of their minor child, in which proceeding the court allowed the appellant twenty dollars per month as alimony for a period of fifteen years to be paid monthly. Subsequent to this decree, and between two or three months thereafter, the appellant married a man named Hollis, giving, as appears from the record, a different name from Letha Pearl Bryan.

The court, in addition to the twenty dollars per month, allowed her an attorney's fee of a fixed amount.

Nothing appears to have been done under the decree until the filing of this suit to require the guardian of Marvin C. Bryan (who had been declared to be non compos mentis) to pay the amounts past due and unpaid under this former decree.

It was alleged in the petition that Marvin C. Bryan had been allowed additional compensation, and that his guardian had considerable funds in his possession, and the bill prayed that the guardian be directed to pay to the complainant (appellant here) the past-due installments.

The guardian demurred to the petition or bill on the ground that the action was barred by the statute of limitations, section 2303, Code 1930, and that the decree was inoperative under section 22 of the World War Veterans' Act as amended (38 U. S. C. A., section 454), and that as the petitioner had remarried, she was barred from receiving alimony. The demurrer was overruled, and thereupon the guardian answered admitting the decree in 1924, and the validity of the divorce therein granted, alleging that on July 19, 1924, after her divorce, she had remarried another under the name of "Miss Lee Cum-

berlin," and that said person is the same person who was formerly the wife of Marvin C. Bryan.

It was further alleged in the answer that the clerk of the chancery court of Winston county was appointed guardian of the minor child of Marvin C. Bryan and the appellant, and that from that time on the minor child had received monthly allowances from the government which would otherwise have been allowed to Marvin C. Bryan, and at the time the answer was filed forty dollars a month was being paid by the government (from which funds were allowed to Marvin C. Bryan) for the support of the child. It was further alleged that no demand or request had been ever made for the payment of the installments under the decree, and that the seven-year statute of limitations was applicable to this demand.

It was also contended that, by not asserting her rights for the period mentioned, she was guilty of gross laches and was not entitled to recover, and the answer prayed that the judgment heretofore rendered be canceled.

The court, after hearing the matter, decided that the seven-year period of limitations was applicable to all that part of installments of alimony due more than seven years before the filing of the petition, but declared that the installments of alimony within seven years constitute a valid judgment against Marvin C. Bryan. The court also decided that the money in the hands of the guardian was not subject to the claim for alimony under the federal statute exempting money so allowed to disabled soldiers from the claim of all creditors.

The effect of the chancellor's holding is that said claim was a debt, and that the appellant was a creditor within the meaning of the federal statute.

No appeal has been prosecuted from that part of the decree holding the former decree valid, and the installments within the seven-year period to the date of the filing of this suit as a valid claim.

We think the court was correct in disallowing any part more than seven years old, whether the statute was applicable or not. The complainant was guilty of laches in not bringing suit, or not asserting her rights, within the period allowed by the statute for that purpose.

However, we think the court was in error in holding that the money due the wife under a decree as alimony was a debt and that the appellant was a creditor, within the meaning of the federal statute. In Franchier v. Gammill, 155 Miss. 316, 124 So. 365, we held that the obligation of a husband to support his wife is not merely a contractual obligation, but is founded, in part, upon public policy; that it is a public duty established by law, and not a debt within the sense of that term, or in the sense of the Constitution prohibiting imprisonment for debt; but that the husband may be held to perform this duty by a contempt proceeding or criminal statute. The suit, Fanchier v. Gammill, supra, was brought in the chancery court in Mississippi, to enforce an alimony allowance made in a foreign state. It was contended that a judgment rendered by a foreign state was a mere debt, and that it could only be collected by execution, and that no contempt proceedings or proceedings of that nature to coerce payment could be brought against a husband to compel him to carry out the alimony decree of a foreign state. We held that under our Constitution the chancery court had jurisdiction to enforce an alimony decree rendered by another state, and power to coerce the performance of that duty be contempt proceedings.

We are of the opinion that the term "creditors" used in the federal act has reference to an ordinary contractual obligation by which creditors and debtors are created, and that a wife is not a creditor within the meaning of the statute; and that, therefore, a demand for alimony does not come within the terms of the statute exempting soldiers' compensation from the claims of creditors.

In Drainage District v. Evans, 136 Miss. 178, 99 So.

819, a statute providing that, upon the dissolution of a drainage district under the conditions named in the statute, publication be made to all creditors, and that such creditors come into court on a day certain, not earlier than four months from the date of the first publication of notice, and establish their claims against the drainage district, and all claims against said drainage district, except the claims of bondholders not filed on the return day of said notices in accordance herewith, shall be forever barred, did not embrace within the term "creditor" a person who had a suit pending. At page 184 of 136 Miss. 99 So. 819, 820, the court said: "We do not think a claim for damages is one for probate against the estate of a deceased person, under Code 1892, section 1933. That section has reference to contractual claims, and not to those ex delicto. It must be such a claim as might be paid, if the estate were solvent, by an executor or administrator, and which, if bona fide and proper, would afford him protection." At page 185 of 136 Miss., 99 So. 819, 821, it is said that: "There is a distinction betweens 'claims' and liabilities. 'All claims' must be registered, but not all liabilities. The claims required to be registered are those for the proof and registration of which provision is made by section 2027 of the Code; those which might be paid by the personal representative when proved and registered. If the decedent was liable in damages for a trespass or the like, or to account as a partner, there could not be any registration of a claim against his estate. This shows the distinction between liabilities and claims, which latter are required to be registered, a distinction pointed out by Sharkey, C. J., in Gordon v. Gibbs, 3 Smedes & M. 473. To bar the appellants because the claim was not registered would be to inflict loss on them for not doing what they could not do, and to make them suffer for the negligence of the defendant in the attachment from whom they were trying to coerce payment, by the process of garnishment."

We do not think it was the purpose of the government to prevent the states from coercing payment of a public duty by a disabled soldier by holding him to apply, to the needs of his wife and children, a part of the funds possessed by him, although derived from the government. We cannot assume that the federal government intended to throw this protection around the disabled soldiers, so as to enable them to refuse to discharge their duty to support their wives and children.

The case here must be tested by general principles. The duty of a soldier to support his wife and children, if he has the means to do so, should be coerced in case he is recalcitrant. The protection the government intended to give him, in our opinion, was protection against "creditors," using that term in a contractual sense, or in the sense of a statutory debt. Where a claim is a mere debt, the purpose of giving exemption was to keep the allowance for the soldier and his dependents.

We are therefore of the opinion that the court erred in holding that the money was exempt from this particular demand.

The judgment of the court below will therefore be reversed, and the cause remanded for further proceeding in accordance with this opinion.

Reversed and remanded.