STIRGUS *v.* STIRGUS.

(Division B.   March 11, 1935.)

[160 So. 285.   No. 31615.]

338

David C. Bramlette, of Woodville, for appellant.

Clay B. Tucker, of Woodville, for appellee.

Ethridge, P. J., delivered the opinion of the court.

Appellee, Patsy Iler Stirgus, filed a bill in the chancery court of Wilkinson county for alimony and attorney's fees against the appellant, her husband, and, on the hearing, the court allowed alimony at fifteen dollars per month and fifty dollars as attorney's fees.

The appellant, Jeff Stirgus, receives from the government seventy-seven dollars and fifty cents per month on account of his sons being in service during the World War.

It appeared that the appellant and the appellee, at the time of their separation, were living in the house with appellant's son, by a former marriage, and his wife and children. The appellant was something over seventy years of age, and the appellee about fifty-five. They had been married for some time, and when they first married the son lived with his father, but later his father transferred to his son what property he had other than the sum mentioned above, and the appellant and appellee were living in the home of the son of appellant. It seems that the wife and the stepson did not get along, and this caused the appellant and appellee to have domestic discord, and he finally ordered her away.

The main contention of the appellant seems to be that the decree allowing alimony was inconsistent with the finding of facts by the court, and that the court had been requested to find the facts upon which the judgment was predicated. The purported finding of facts is as follows: "The court finds from the facts here that the defendant here is now living in the house with his son who has a wife and four children. He claims that he has turned everything over to his son. He bought the stock and turned that over to his son."

It is contended that, under chapter 252, Laws 1934, the court was requested to make a finding of facts and that the facts above quoted are insufficient for the court to award alimony.

We do not find in the record any request of the court to make a finding of facts, and the testimony of the appellee was sufficient to sustain a finding for the appellee. What we find from the record on this is as follows:

"Comes the defendant and moves the court that in accordance with the facts in the case that the money coming from the government be stricken out of the record because it cannot be under judicial process.

"By the court. The court finds from the facts here that the defendant here is now living in the house with

his son' who has a wife and four children. He claims that he has turned everything over to his son. He bought the stock and turned that over to his son. As to the law the court holds that under the law the defendant is entitled to pay his wife a reasonable compensation. From the testimony here and the evidence as to the amount the defendant receives, the court is of the opinion that temporary alimony of fifteen dollars per month should be awarded the wife, and attorney's fee of fifty dollars should be awarded the attorney who represents her.''

From this order an appeal was granted.

It is also urged that the allowance was not subject, as shown by the motion and by the brief, to a demand of the wife for support. In the case of Hollis v. Bryan, 166 Miss. 874, 143 So. 687, this question was discussed, and the court held that the wife there had been dilatory in asserting her rights, which barred recovery of installments due more than seven years. The court also held, however, that a demand for alimony is not within the terms of the statute exempting soldiers' compensation from claims of creditors; a wife not being a creditor within the statute. World War Veterans Act, sec. 22, 38 U. S. C. A., sec. 454. Under that statute, the term "creditor" has reference to an ordinary contractual obligation by which debtors and creditors are created, or to statutory debt.

The obligation of a husband to support his wife is not a debt in the sense of this statute, but is an obligation growing out of the marriage status and public policy, and may be coerced by imprisonment as well as judgment and execution. When the husband receives money from the government, it may be subjected to this obligation to support his family so long as the husband is not deprived of a reasonable amount for his support. He is not entitled, as against his wife and dependents, to use the entire amount for his own support.

In the case at bar, the amount received from the government by the appellant is sufficient to support him in rea-

sonable comfort after paying the allowance ordered by the chancery court.

We find no reversible error, and the decree of the court below will be affirmed.

Affirmed.