BOWLING, Justice,
for the Court:
The primary question involved in this appeal is whether funds received for child support payments are subject to garnishment by the mother’s judgment creditor?
In this cause, arising in the Chancery and Circuit Courts of Copiah County, the facts are undisputed. They are as follows:
Appellee, Reída Rhodes and her husband, Harold Rhodes, were divorced in May 1980 by a decree of the Chancery Court of Copi-ah County. The decree ordered that Harold Rhodes pay to appellee the sum of $125 per month as child support and that he was also to pay drug and medical bills. The father became delinquent in the child support payments resulting in appellee filing a petition in the Chancery Court of Copiah County asking for a decree holding Harold Rhodes in contempt of court and asking for a decree against him for child support payments owed.
The chancellor by order dated January 5, 1982, found the father to be in contempt of court and found him to be in arrears of payments in the sum of $1,000 and $71.24 doctor and drug bills. The chancellor granted appellee a money decree in the sum of $1,071.24 and added to the decree the sum of $150 as attorney’s fees necessary in the effort to recover the child support funds.
Harold Rhodes did not abide by the chancery court decree. Thereafter appellee filed garnishment proceedings in the Circuit Court of Copiah County naming as garnishee the employer of Harold Rhodes. The employer paid into the registry of the circuit clerk the entire amount of the chancellor’s decree.
While the funds were still in the hands of the circuit clerk, appellant Lumbermens *245 Mutual Casualty Company a judgment creditor of appellee Reída Rhodes, as a result of an entirely unrelated legal proceeding, filed its “suggestion of garnishment” under which it alleged that the circuit clerk was holding funds of the judgment debtor Reída Rhodes and asking that these funds be paid to appellant to satisfy its judgment.
Appellee contested appellant’s garnishment proceeding contending that the funds held by the circuit clerk under appellee’s garnishment against her former husband’s wages was exempt from appellant’s garnishment proceeding for the reason that they were the child’s funds and not appel-lee’s funds. The circuit judge agreed with appellee and ordered the funds to be paid by the clerk to appellee.
Appellant presents its appeal primarily contending that the funds were property that were properly garnished under Mississippi Code Annotated, Section 11-35-23 (1972), which reads as follows:
(1) Except for wages, salary or other compensation, all property in the hands of the garnishee belonging to the defendant at the time of the service of the writ of garnishment shall be bound by and subject to the lien of the judgment, decree, or attachment on which the writ shall have been issued. [Emphasis added]
This Court has spoken on the question involved; that is, whether or not under the garnishment proceedings, the money held by the circuit clerk was “property ... belonging to the defendant”. As heretofore related, the undisputed facts are that the recovery of the money involved resulted solely from the chancery court decree granting a money judgment against the father for unpaid child support payments. No alimony was involved.
The question before us has been settled by opinions in prior cases. We therefore hold that the funds in question held by the circuit clerk were not funds of the child’s mother so that her judgment creditor may reach them under garnishment proceedings. We affirm the judgment of the Circuit Court of Copiah County.
In the recent case of Hailey v. Holden, Miss., 457 So.2d 947, decided October 10, 1984, we said the following:
A child support judgment is awarded to the custodial parent for the benefit and protection of the child, [citations omitted] There is a public policy consideration involved because of the interest of society to provide for its children’s needs and to decrease society’s financial burden when a child is supported through public assistance. The underlying principle here is the legal duty owed to the child for the child’s maintenance and best interest.
In Trunzler v. Trunzler, 431 So.2d 1115 (Miss.1983), a case involving the status of a mother in regard to child support payments, we stated:
We are persuaded the sounder principle of law is followed by those jurisdictions which hold the divorced wife may be required to account for child support payments, but the cause must arise by or on behalf of the children, to whom the monies belong, rather than the divorced husband.
Similar pronouncements have been made regarding the principle that the child’s support funds represent a different situation than creditor-debtor relationships. This Court discussed this situation through Justice Dan M. Lee in Bonds v. Bonds, 409 So.2d 704 (Miss.1982), where we expressly stated that:
This Court has distinguished the ordinary creditor-debtor relationship from child support and alimony judgments for exemption purposes as early as 1932 in *246 the case of Hollis v. Bryan, 166 Miss. 874, 143 So. 687 (1932).
We therefore hold that the funds in the hands of the circuit clerk that were received by that office under appellee’s garnishment to enforce the unpaid child support payments, could not be reached in another garnishment proceeding by an entirely disassociated judgment creditor of the mother judgment debtor in the chancery court decree. The funds paid to the clerk by the father’s employer after garnishment were funds belonging to the child and not belonging to the defendant-appel-lee as required by MCA § 11-35-23 (1972).
The lower court ordered the funds in the hands of the clerk be delivered to appellee Reída Rhodes. We therefore are of the opinion that the provisions of MCA § 11 — 3— 23 (Supp.1984), apply and appellant be assessed with an additional judgment for damages at the rate of fifteen percent (15%) of the amount of the funds, together with legal interest on the entire amount held by the clerk.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.